Dear Mayor Ferguson,
Your request for an attorney general's opinion regarding the ability of the Village of Maurice to comply with La.R.S. 33:3574.1.1(Q)(1)(b) has been forwarded to me for research and reply.
La.R.S. 33:3574.1.1(Q)(1)(b) authorizes any tourist commission in parishes with a certain population to "levy and collect an additional tax of three percent upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission." Due to the population of Vermilion Parish, the Vermilion Parish Tourist Commission is authorized to levy and collect this tax. The statute further provides that "the tourist commission shall provide athletic programs for the youth of the parish and shall enter into cooperative endeavors with the governing authorities . . . for such purposes, including the expenditure or allocation of revenue, as provided for in this Subsection, for such purposes."
La.R.S. 33:3574.1.1(Q)(4) specifically addresses the use of proceeds from taxes collected by the Vermilion Parish Tourist Commission. It provides:
(4)(a) Notwithstanding any other provision of law to the contrary, two-thirds of the monies collected by the Vermilion Parish Tourist Commission from the levy of the additional three percent tax on the occupancy of hotel rooms, motel rooms, and overnight camping facilities as authorized by law, shall be used to fund recreation programs for all youth in Vermilion Parish. The commission shall *Page 2 
enter into a cooperative endeavor with the governing authority of Vermilion Parish and each entity provided for in this Subparagraph to provide for the allocation of revenue collected for such purposes. The revenue collected for purposes of this Subparagraph shall be allocated as follows:
 * * *
(vii) Five percent shall be allocated to the Village of Maurice.
(b) Any revenue collected by the Vermilion Parish Tourist Commission to fund athletic programs for all youth in Vermilion Parish and not expended prior to July 1, 2009 shall be used to fund recreation programs in Vermilion Parish as provided in Subparagraph (a) of this Paragraph.
(c)(i) A minimum of seventy-five percent of the revenue allocated to the governmental entities pursuant to Subparagraph (a) of this Paragraph shall be used by each governmental entity to provide funds to any qualified nonprofit youth recreation organization within the territorial jurisdiction of the governmental entity which agrees to enter into a cooperative endeavor with the governmental entities agreeing to use such funds for purposes of youth recreation.
(ii) The revenue allocated to the governmental entities shall be distributed by each entity to the qualified nonprofit youth recreation organizations on a pro-rata basis, based upon the number of youth participating in recreational programs of the organization compared to the total number of youth participating in programs of all the qualified nonprofit youth recreation organizations receiving funds from the governmental entity.
(iii) The remaining funds may be used by each governmental entity for youth recreation purposes as determined by such entity.
Included with your opinion request is a cooperative endeavor agreement between the Vermilion Parish Tourist Commission and the Village of Maurice (the "Village") which tracks the statutory language quoted above. As is clear from La.R.S. 33:3574.1.1(Q)(4) (and the cooperative endeavor agreement), the law requires the Vermilion Parish Tourist Commission to allocate 5% of 2/3 of the money it collects from the levy of this tax to the Village. The Village must then allocate 75% of those funds to a "qualified non-profit youth recreation *Page 3 
organization" operating within its territorial jurisdiction.[1] The remaining 25% can be used by the Village "for youth recreation purposes."
Your concern is that the Village does not have any qualified nonprofit youth recreation organizations, as defined by La.R.S. 33:3574.1.1(Q)(4)(d)(i), operating within its territorial jurisdiction. Thus, you ask how the money can be spent. La.R.S. 33:3574.1.1(Q)(4)(c)(i) mandates that "a minimum of seventy-five percent of the revenue allocated . . . shall be used by each governmental entity to provide funds to any qualified non-profit youth recreation organization within the territorial jurisdiction of the governmental entity." When used in legislation, the word `shall' is mandatory. La.R.S. 1:3. Thus, a different use of the money that that set forth in La.R.S. 33:3574.1.1(Q)(4)(c)(i) is not permissible. Because there are no such organizations operating in the Village, the Village cannot currently comply with La.R.S. 33:3574.1.1(Q)(4)(c)(i). It is our opinion that the portion of the money that cannot be spent in compliance with La.R.S. 33:3574.1.1(Q)(4)(c)(i) should be held by the Vermilion Parish Tourist Commission for the Village of Maurice until such time as the Village has a `qualified non-profit youth recreation organization' operating within its territorial jurisdiction and can therefore comply with provisions of the statute. Alternatively, the Vermilion Parish Tourist Commission may wish to seek an amendment to the statutory provision that will allow compliance without compromising the goals of the statute.
With regard to the remaining twenty-five percent of the 5% of the 2/3 of the monies collected by the Vermilion Parish Tourist Commission from the levy of the additional three percent tax quoted earlier in this opinion, La.R.S. 33:4574.1.1(Q)(4)(c)(iii) allows the Village to determine how to spend 25% of the money it receives so long as it is spent "for youth recreation purposes." La.R.S. 33:4574.1.1(Q)(4)(d)(ii) defines `youth recreation purposes' as "any use of funds which is related to recreation of persons eighteen years of age or younger, including but not limited to the purchase of uniforms and athletic equipment." Your request states that you would like to spend the money to upgrade City Park and provide recreational enhancements for your residents. Whether the upgrades you would make to City Park or the recreational enhancements you would make available to residents would qualify as spending money for `youth recreation purposes' is a factual determination that this office cannot make. *Page 4 
In conclusion, it is the opinion of this office that the Village of Maurice cannot currently comply with La.R.S. 33:3574.1.1(Q)(4) because there are no `qualified non-profit youth recreation organizations' operating within its territorial jurisdiction. Therefore, the portion of the monies due to the Village by the Vermilion Parish Tourist Commission that cannot be spent in accordance with the law should be held by the Vermilion Parish Tourist Commission for the Village of Maurice until such time as the Village can comply with La.R.S. 33:3574.1.1(Q)(4)(c)(i). The Village can spend the remaining 25% of the monies it receives from the Vermilion Parish Tourist Commission as it sees fit, so long as the money is spent for youth recreation purposes as defined by La.R.S. 33:4574.1.1(Q)(4)(d)(ii).
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: _____________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] La.R.S. 33:3574.1.1(Q)(4)(d)(i) provides a definition of `qualified nonprofit youth recreation organization.' It states: "As used in this Paragraph the following terms shall have the meanings ascribed to them: (i) "Qualified nonprofit youth recreation organizations" means an organization whose primary function is related to youth recreation purposes and is recognized by the United States Internal Revenue Service as entitled to exemption under Section 501(c)(3) of the United States Internal Revenue Code. The term shall not include any organization which is in default on any filing or payment with or to the state or any of its agencies or political subdivisions and against which an assessment or judgment that is final and nonappealable has been rendered, and remains outstanding, in favor of the state, or any of its agencies, or political subdivisions."